# SMITH *v.* ROSS.

---

TRIAL; STET CALENDAR; ABUSE OF DISCRETION; SALES; QUESTION FOR
JURY; INSTRUCTIONS TO JURY; STATUTE OF LIMITATION; OBJECTION
AND EXCEPTIONS; PREJUDICIAL ERROR; WITNESSES.

1. Where a case is removed from the stet calendar of the lower court, and
various continuances granted over the objection of the defendant and
a motion by him for a dismissal of the suit is overruled, this court
will not review such action of the lower court on an appeal by him
from the judgment on verdict, in the absence of any exception to
such action appearing in the record.

2. This court will not, on an appeal by the defendant from a judgment on
verdict, review the action of the trial court in overruling a motion
by him to reverse an interlocutory order of that court removing the
case from the stet calendar, where it appears that such motion,
although in writing, was not filed, and notice given opposing counsel,
as required by the rule of that court, or presented until the jury
was sworn and the court ready to proceed with the trial.

3. In an action for goods sold and delivered, where it appeared that the
plaintiff furnished building material for fourteen houses to two parties
engaged in their construction, that, when the houses were nearing
completion, the defendant, who was not one of such two parties, told
the plaintiff that he had an interest in the houses; that the plain-
tiff declined to furnish the materials for six more houses on the
application of the three parties unless they would agree that the
materials furnished for the fourteen houses should be paid out of
a building loan made by them on the six houses,—the question of the
defendant's liability for the materials furnished for the two sets of
houses is properly submitted to the jury by the trial court.

4. In an action to recover for building materials furnished for the construc-
tion of fourteen hours, and for building materials furnished for the
construction of six houses, where the question is presented whether the
defendant was a partner of the two persons to whom the material was
delivered with respect to one or both sets of houses, a prayer for
instructions, asked by the defendant, which would operate to take
from the jury the right to find that the partnership existed as to one
set of the houses, and not as to the other, or *vice versa*, is properly
refused by the trial court.

5. Where a contract is a continuing one to furnish building material for twenty houses, and materials are furnished from time to time thereunder and prices thereof entered into a running account, upon which payments are made from time to time, the account will be considered as one account, with the element of mutuality running throughout the whole transaction; and the statute of limitations will not begin to run until the date of the last item appearing in the account.

6. Failure of counsel to object to the action of the trial court in reading to the jury certain portion of the evidence from the stenographer's notes, in response to a request made by the jury after they had considered the case for several hours, will preclude consideration by this court of an assignment of error based upon such action of that court.

7. The objection by the losing party in a trial, that the court, in responding to the request by the jury that portion of the evidence be stated to them, substituted his version or recollection of the evidence for the recollection of the jury, cannot avail such party on appeal, where it appears that there is no variance between the evidence as stated by the court to the jury and the evidence appearing in the record on appeal.

8. Where the trial court, in response to a request by the jury that certain portion of the evidence be read to them, read more evidence than was requested, but such additional evidence, so read, was in favor of the losing party, he cannot be said to have been prejudiced.

9. In a suit against one of three alleged partners, the defendant is not required to call one of the partners as a witness.

10. It is not error for the trial court to refuse to instruct the jury as to the effect of their verdict, and of the judgment which will be entered thereon.

No. 1813. Submitted April 9, 1908. Decided May 5, 1908.

HEARING on an appeal by defendant from a judgment, on verdict, of the Supreme Court of the District of Columbia in an action for goods sold and delivered.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This case comes here on appeal from a judgment rendered in the supreme court of the District of Columbia against appellant, J. Paul Smith, defendant below, on the verdict of a jury in favor

of appellee, Samuel Ross, trading as Barber & Ross, for $5,-586.07. The declaration is upon common counts, to which appellant pleaded that he had never promised as alleged, was not indebted, and that the claim of appellee was barred by the statute of limitations.

It appears that, in the latter part of 1896, or early in 1897, appellee agreed to furnish to appellant and two associates, Kimmel and Simpson, certain building material to be used in the construction of twenty houses in the city of Washington. Fourteen of the houses were erected in one locality, and six in another. Of the material furnished for the fourteen houses, part of it was charged on the books of appellee to Kimmel and part of it to Simpson. All of the material furnished for the six houses was charged to Simpson. The evidence tends to show that, under the arrangement entered into in regard to the construction of the fourteen houses, appellant and Kimmel were each to have a one-quarter interest, and Simpson a one-half interest, in the profits of the houses. With regard to the six houses, each was to have a one-third interest in the profits derived therefrom. As before stated, appellee furnished the material for the fourteen houses to Kimmel and Simpson, but there is evidence to show that, when these houses were near completion, appellant told appellee that he had an interest in them. When it came to furnishing materials for the six houses, appellee declined to furnish the same until he had consulted with the three men and ascertained the true ownership of the property. The evidence discloses that the three came to appellee's office and explained that they desired to pay an obligation for materials furnished for the fourteen houses out of money which they had obtained from a building loan for the erection of the six houses. The three admitted their joint ownership of the six houses and also in the fourteen houses. Appellee then agreed that the obligation on the fourteen houses might be paid from the building loan on the six houses. There was no controversy as to the amount due appellee for the material thus furnished.

It appears from the record that this case was, by order of the court below, placed on the stet calendar January 6, 1902. On

January 5, 1903, appellee filed a motion requesting that a day be set for the trial of said cause. Thereupon, the case was taken from the stet calendar and placed upon the regular assignment for trial. Various continuances of the case were had over objection of appellant's counsel until, on March 14, 1907, a motion was made by appellant's counsel for the dismissal of the suit, which motion was overruled by the court. The case was tried by a jury, and, upon verdict rendered in favor of appellee, judgment was entered.

*Mr. John Ridout* for the appellant.

*Mr. Charles L. Frailey* and *Mr. J. J. Darlington* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant presents the following assignments of error:
"The court below erred as follows:
"1. In overruling defendant's objection to swearing the jury, and in proceeding with the trial of the case.
"2. In refusing to grant defendant's first prayer.
"3. In refusing to grant defendant's second prayer.
"4. In refusing to grant defendant's third prayer.
"5. In refusing to grant defendant's fourth prayer.
"6. In refusing to grant defendant's fifth prayer.
"7. In refusing to grant defendant's sixth prayer.
"8. In refusing to grant defendant's seventh prayer.
"9. In reading to the jury when they returned into court after retiring to consider their verdict, portions of the testimony of Kline and Smith and certain deeds, as set forth in the record at pages 22 to 26.
"10. In reading to the jury more than was requested.
"11. In refusing to instruct the jury as asked by defendant in respect of the failure of plaintiff to call Simpson as a witness.
"12. In refusing to instruct the jury as to the effect of the verdict and judgment."

The first assignment of error is not properly before us for consideration. The proceeding being upon a mere rule of court, appellant will. be deemed to have waived the advantage of the rule, unless objection was made to the ruling of the court and an exception noted. It appears that no objection was interposed to the removal of the case from the stet calendar. Numerous continuances were had over the objections of appellant, but no ground of objection was stated, or exception taken. In the absence of such objection and exception, no question is here presented for review. It is insisted, however, that appellant's motion of April 22, 1907, to reverse the interlocutory order of the court, rendered January 5, 1903, removing the cause from the stet to the trial calendar, was sufficient to raise, for review, any question touching such removal that might have been raised at the time the order was made. It is unnecessary to consider this point for the reason that appellant's motion was not filed as required by the rule of court, which is as follows: "Every motion shall be made in writing, and shall, together with the papers upon which it is founded, if made upon matters not already of record, be filed in the clerk's office; and a copy of the motion, and of the affidavits or papers upon which the same is founded, must be served upon the opposite party, or his attorney, at least two clear days, Sundays included, except when otherwise provided by law, before the day fixed for the hearing." This motion was in writing, but it was not filed in the clerk's office, or notice given, as required by the rule. In fact, the motion was not presented until the jury was sworn and the court was ready to proceed with the trial. This was too late. Appellant will be held to have waived any objection that he may have had to the action of the court on January 5, 1903, in transferring the case from the stet to the trial calendar.

The second, fifth, sixth, seventh, and eighth assignments of error relate to the refusal of the court to grant certain instructions requested by counsel for the appellant to the effect that the evidence was not sufficient to support a recovery against the appellant for the amounts claimed in appellee's declaration, either in whole or in part. We are of the opinion that the evidence

tending to establish appellant's liability was sufficient to present a case for the consideration of the jury. It was submitted with an impartial and careful charge by the court. On this branch of the case, we find no error.

The third assignment of error is based upon the refusal of the following instruction: "Unless the jury find from a preponderance of all the evidence that the defendants, Kimmel, Simpson, and Smith were jointly interested in all the houses for which they find from the evidence (if they do so find) material was furnished by the plaintiff, then their verdict should be in favor of the defendant Smith." Appellee's declaration set forth two causes of action, one for material furnished in the construction of the fourteen houses, and the other in the construction of the six houses. This instruction, if given, would have operated to take from the jury the right to find a partnership existing as to one set of houses, and not as to the other, or *vice versa.* The general charge of the court to the jury required the jury to determine from the evidence whether or not the appellant was jointly interested, as owner or proprietor, in the building of the houses. This, we think, was sufficient to properly present the evidence to the jury for its consideration. It was proper for the jury to determine from the evidence in this case, not only the liability of the appellant for material furnished for all the houses, but for the particular ones set forth in the separate counts of the declaration.

The fourth assignment of error complains of the refusal of the court to grant the following instruction: "If the jury find from all the evidence that any of the material furnished by plaintiff was so furnished prior to July 28, 1897, then they are instructed that, as to such material, the plaintiff's cause of action is barred by the statute of limitations, even though they should find that payment generally on said account of such material was made by the other defendants after July 28, 1897, unless they shall further find that such payment was made with the knowledge and by the direction of the defendant Smith." It appears from the record that material amounting in value to $5,592.16 had been furnished by appellee, under the arrangement we are here considering, more than three years before

this action was commenced. It is therefore insisted that the
claim here sought to be recovered is barred by the statute of
limitations. It was not error to refuse this instruction, for
the reason that the evidence tended clearly to show that appel-
lee's contract was a continuing one to furnish materials for the
twenty houses. Materials were delivered from time to time
under their general contract, and the price thereof entered into
a running account, upon which payments were made from time
to time. We think the whole account must be considered as one
account, with the element of mutuality running throughout the
whole transaction. In such a case, the bar of the statute does
not begin to run until the date of the last item appearing in
the account.

Assignments of error nine to twelve, inclusive, arise from the
court having read to the jury certain portions of the evidence
from the stenographer's notes. It appears that, after the jury
had been considering the case for a number of hours, they re-
turned to the courtroom and propounded certain questions to the
court, among others, requesting that certain evidence should be
read to them. This request was granted. It is unnecessary for
us to consider these assignments, as counsel for defendant was
present and made no objection to the reading of the testimony,
or any part of it. The only objection made by counsel was that
the court had substituted his version or recollection of the tes-
timony for the recollection of the jury. This objection cannot
avail appellant for the reason that it clearly appears that there
was no variance between the evidence of the witnesses which was
read to the jury by the court and the evidence of the same wit-
nesses as it appears in the record. Neither is there anything to
show that the deeds read in evidence before the jury retired were
not the identical deeds read to them at their request. So far as
the objection that the court read to the jury more evidence than
was requested, is concerned, it appears that the evidence so read
consisted of but three questions and answers, which were in ap-
pellant's favor, and he could not in any way have been preju-
diced by the mistake of the court. Appellee was not required to
call the alleged partner Simpson as a witness. There was no

error in the court's refusal to instruct the jury as to the effect of the verdict and judgment, as requested by counsel for appellant.

A careful review of the entire record in this case fails to disclose any reversible error. The judgment of the Supreme Court of the District is affirmed with costs, and it is so ordered.

*Affirmed.*